UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cr-00027-GBL-1 |
| | ) | |
| YONATHAN MELAKU, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Yonathan Melaku ("Melaku"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255.

**I. INTRODUCTION**

On January 26, 2012, Melaku waived indictment and plead guilty to a three-count Information charging Melaku with Injury to Government Property by Shooting with a Firearm, in violation of 18 U.S.C. § 1361 (Count One); Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count Two); and Attempted Injury to a Veterans' Memorial on Government Property, in violation of 18 U.S.C. § 1369 (Count Three). On January 11, 2013, the district court sentenced Melaku to 120 months on Counts One and Two, and 60 months on Count Three, all to be served concurrently for a total sentence of 300 months imprisonment.

Count Two of the Information charged Melaku with discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Specifically, the Count alleged that the underlying "crime of violence" for the 924(c) is injury to

government property by shooting with a firearm, in violation of 18 U.S.C. § 1361. However, Melaku now seeks to challenge his conviction based on the Supreme Court's holding in *Johnson* that the residual clause is unconstitutionally vague. The underlying offense for the 924(c) conviction is no longer qualifying as a "crime of violence" in light of *Johnson*. Under the current law, injury to government property by shooting with a firearm as prescribed by 18 U.S.C. § 1361 categorically failed to constitute a crime of violence under § 924(c)(3)(A) (the force clause). Additionally, in light of *Johnson*, the "residual clause" within § 924(c)(3)(B), is unconstitutionally vague. Therefore, in light of *Johnson,* Melaku's conviction for Count Two of the Indictment, and his current sentence, is unconstitutional and violates due process of law in violation of 28 U.S.C. § 2255(a).

Melaku's motion is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Melaku respectfully requests that this Court grant his § 2255 motion and vacate his conviction and sentence on Count Two of the Information.

## II. BACKGROUND

On January 26, 2012, Melaku waived indictment and plead guilty to a three-count Information charging Melaku with Injury to Government Property by Shooting with a Firearm, in violation of 18 U.S.C. § 1361 (Count One); Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count Two); and Attempted Injury to a Veterans' Memorial on Government Property, in violation of 18 U.S.C. § 1369 (Count Three). On January 11, 2013, the district court sentenced Melaku to 120 months on

Counts One and Two, and 60 months on Count Three, all to be served concurrently for a total sentence of 300 months imprisonment.

On June 26, 2015, the Supreme Court issued its decision in Johnson v. United States, 131 S. Ct. 2267 (2015). The Supreme Court declared the residual clause of the ACCA, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague" because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." Id. The Court held the residual clause "vague in all its applications," id. at 2561, and overruled its contrary decisions in James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 131 S. Ct. 2267 (2011).

### III. ARGUMENT

**1. MELAKU'S CONVICTION AND SENTENCE UNDER § 924(c) IS UNCONSTITUTIONAL IN LIGHT OF *JOHNSON***

The "crime of violence" Melaku's § 924(c) conviction was based on was injury to government property by shooting with a firearm under 18 U.S.C. § 1361. An offense under § 1361 categorically fails to qualify as a "crime of violence" under § 924(c)(3)(A)'s "force clause" and must fall under § 924(c)(3)(B)'s residual clause. And *Johnson* has now rendered the "residual clause" of § 924(c)(3)(B) unconstitutionally vague. Melaku's conviction and sentence is therefore unconstitutional and should be vacated.

3

**A.    The Court Must Use The Categorical Approach In Determining If A Conviction Qualifies As A Crime Of Violence Under 18 U.S.C. § 924(c)**

To determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts use the categorical approach. See *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2014); *see also United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 209); *United States v. Acosta*, 47d 132, 135 (2d Cir. 2006). This approach requires that courts "look only to the statutory definitions–i.e., the elements¬–of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S.Ct. at 2283 (citation omitted); *Royal*, 731 F.3d at 341-42; *Serafin*, 562 F.3d at 1107; *Acosta*, 470 F.3d at 135. In addition, under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute – "including the most innocent conduct" matches or is narrower than the "crime of violence" definition.  United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, for an offense under § 1361 to qualify as a "crime of violence" under § 924(c)(3)'s force clause, it must have "an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The statute for § 1361 provides, in pertinent part:

> Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, or attempts to commit any of the foregoing offenses, shall be punished [in accords with the remainder of the statute]

18 U.S.C. § 1361. Notably missing from the plain text of the statute is "an element the use, attempted use, or threatened use of physical force." Therefore, an offense under § 1361 fails to categorically qualify as a "crime of violence" under § 924(c)(3)(A). For an offense under § 1361 to qualify as a "crime of violence" under § 924(c), it must then fall under the "residual clause" of § 924(c)(3)(B), which defines a "crime of violence" as "involve[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

### B.     *Johnson* Has Rendered The Residual Clause Of 18 U.S.C. § 924(c) Unconstitutionally Vague

In *Johnson*, the Supreme Court held that the ACCA residual clause is unconstitutionally vague because the process by which courts categorize prior convictions as violent felonies is too "wide-ranging" and "indeterminate." 135 S. Ct. at 2557. As a result, the ACCA "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. *Johnson* concluded that the Supreme Court's four previous attempts to articulate a workable test to determine whether a felony falls under the ACCA residual clause had failed. *Id*. at 2558-59.

The Court began its analysis by explaining that, under *Taylor v. United States*, 495 U.S. 575 (1990), the ACCA requires the categorical approach to determine whether a particular statute qualifies as a violent felony.[1] *Id*. at 2557. Courts must assess whether a

---

[1] The Court reaffirmed the vitality of the categorical approach, despite the government's and a dissenting justice's invitation to abandon it in residual clause cases. *Id*. at 2557,

crime qualifies as a violent felony "in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion." *Id*. (*quoting Begay v. United States*, 553 U.S. 137, 141 (2008)).

The Court further clarified that the residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Id*. (citation omitted). The Court linked the "ordinary case" framework to *James v. United States*, 550 U.S. 192 (2007), in which it held, "We do not view that approach as requiring that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony. . . Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id*. at 208 (citations omitted). "As long as the offense is of a type that, by its nature, presents a serious risk of injury to another, it satisfies the requirements of [the ACCA's] residual clause." *Id*. at 209 (emphasis added, brackets supplied).

Johnson concluded that the process of determining what is embodied in the "ordinary case" rather than "real-world facts" is fatally flawed, rendering the ACCA unconstitutionally vague. "Grave uncertainty" surrounds the method of "determin[ing] the risk posed by the "judicially imagined 'ordinary case.'" 135 S. Ct. at 2557. "The residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id*. at 2558 (emphasis added).

---

2562.

The *Johnson* Court considered and rejected different ways that a court might envision the hypothetical "ordinary case" since the statute offers no guidance. Specifically, the Court explained that a statistical analysis of reported cases, surveys, expert evidence, Google, and gut instinct are all equally unreliable in determining the "ordinary case." *Id*. at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, J., dissenting from denial of rehearing en banc)).  Although earlier ACCA cases tried to rely on statistical analysis and "common sense," Johnson concluded that these methods "failed to establish any generally applicable test that prevents the risk comparison required by the residual clause from devolving into guesswork and intuition." *Id*. at 2559 (referring to *Chambers v. United States*, 555 U.S. 122 (2009), and *Sykes v. United States*, 564 U.S. 1 (2011)).

This flaw alone establishes the residual clause's unconstitutional vagueness. The Court, however, explained that a closely related flaw exacerbates the problem.  The Court noted that the residual clause lacks a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute is enough to constitute a "serious potential risk of physical injury." *Id*. at 2558.  Although the level of risk required under the residual clause must be similar to the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing a felony's "ordinary case" to the risk posed by certain enumerated offenses cures the constitutional problem.  *Id*.

The enumerated offenses failed to save the ACCA residual clause because, according the majority, comparing felonies to enumerated offenses similarly requires resorting to "a judicially imagined abstraction." *Id*. Before courts may even start the

7

comparison, they must first determine what the "ordinary" enumerated crime entails. But the "ordinary" enumerated crimes, *Johnson* emphasized, like any other crime, "are far from clear in respect to the degree of risk each poses." *Id*. (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)). Any attempt to figure out the "ordinary" enumerated offense requires just as much guesswork as figuring out the "ordinary" predicate offense. The Court held that such indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id*.

Thus, *Johnson* not only invalidated the ACCA residual clause, but it invalidated the "ordinary case" analysis and statutory provisions that compel such an analytical framework.  In other words, the only way to apply the residual clause is to use the "ordinary case" analysis, and the "ordinary case" analysis is impossible to apply in a constitutional manner.

The statutory phrase at issue in this case is essentially the same as the ACCA residual clause.[2] To be sure, 18 U.S.C. § 924(e)(2)(B)(ii) and 18 U.S.C. § 924(c)(3)(B)

---

[2] Court regularly compare the similarities between the residual clause in the ACCA to the clause at issue here. (Although the comparison tends to specifically address 18 U.S.C. § 16(b), that statute is identical to § 924(c)(3)(B).) *See, e.g., Chambers*, 555 U.S. 133, n.2 (2009) (citing circuit splits on § 16(b) in the context of a residual clause case because § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring). *See United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret the definition of a crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same). *See also United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA otherwise clause and § 16(b) "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case" analysis); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (despite the fact that the ACCA talks of risk of injury and § 16(b) talks of risk of force, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)").

are not identical.[3] But the differences have no impact on the constitutional analysis. Although the risk at issue in the ACCA is a risk of injury, and the risk at issue in Section 924(c) is a risk that force will be used, this difference is immaterial to the due process problem and has no impact on the *Johnson* decision.[4] The Court's holding did not turn on the type of risk, but rather how a court assesses and quantifies the risk.[5] That inquiry is the same under both the ACCA and § 924(c). Both statutes require courts first to picture the "ordinary case" embodied by a felony[6], and then decide if it qualifies as a crime of violence by assessing the risk posed by the "ordinary case."

---

[3] In pertinent part, the ACCA residual clause defines a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 924(c)(3)(B) defines a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[4] *See Jimenez-Gonzales v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of the ACCA and § 16(b) "perfectly mirrored" each other). *See also United States v. Gomez-Leon*, 545 F.3d 777 (9th Cir. 2008); *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244 (10th Cir. 1998); *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997); *United States v. Bauer*, 990 F.2d 373, 374 (8th Cir. 1993) (describing the differences between the statutes as "immaterial" and that interpreting U.S.S.G. § 4.1.1, which uses the ACCA language, "is controlled by" a decision that interprets § 16(b)).

[5] Of course, many federal and state criminal laws include "risk" standards that employ adjectives similar to those in the ACCA and § 924(c), such as "substantial," "grave," and "unreasonable." And the Supreme Court in *Johnson* said it did not mean to call most of these into question. But, as Justice Scalia's majority opinion observed, that is because the vast majority of such statutes require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion; in other words, applying such a standard to "real-world conduct." By contrast, the ACCA's residual clause, and § 924(c)(3) too, require it to be applied to "an idealized ordinary case of the crime," an "abstract inquiry" that "offers significantly less predictability." *Johnson*, 135 S. Ct. at 2558.

[6] Both the ACCA and § 924(c)(3)(B) require courts to discern what the ordinary case of a crime is by examining the elements using a categorical approach. *See, e.g., United States v. Butler*, 496 Fed. Appx. 158, 161 n.4 (3d Cir. 2012); *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Serafin*, 562 F.3d 1104, 1108 (10th Cir. 2009); *United*

Relying on *James*, the Fourth Circuit has squarely held that the "ordinary case"

analysis applies when construing 18 U.S.C. § 16(b). *United States v. Avila*, 770 F.3d

1100, 1107 (4th Cir. 2014). The Fourth Circuit stated:

> [E]very set of conceivable facts covered by first-degree burglary does not have to
> present a serious risk of injury for it to qualify as a crime of violence. It is
> sufficient if 'the conduct encompassed by the lements of the offense, in the
> ordinary case, presents a serious potential risk of injury to another.' James, 550
> U.S. at 208, 127 S.Ct. 1586. As long as an offense is of a type that, by its nature
> presents a substantial risk that physical force against the person or property of
> another may be used, it satisfies the requirements of 18 U.S.C. § 16(b).

*Id.*

*Avila* controls here because § 16(b) and § 924(c)(3)(B) are identical.[7] Indeed, in

litigating *Johnson*, the government, through the Solicitor General, agreed that the phrases

at issue in *Johnson* and here pose the same problem. In noting that the definitions of a

crime of violence in both § 924(c)(3)(B) and § 16(b) are identical, the Solicitor General

stated:

> Although Section 16 refers to the risk that force will be used rather than that
> injury will occur, it is equally susceptible to petitioner's central objection to the
> residual clause: Like the ACCA, Section 16 requires a court to identify the

---

*States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008); *United States v. Acosta*, 470 F.3d 132,
134 (2d Cir. 2006). *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995). Courts
may not consider the factual means of committing any given offense, but must consider
the nature of the offense in the "ordinary case," regardless of whether the ACCA, §
924(c)(3)(B), or § 16(b) is at issue.

[7] Other courts likewise require the ordinary case analysis when the statutory language of
§ 16(b) (and thus § 924(c)(3)(B)) is at issue. *See, e.g., Keelan*, 786 F.3d at 871 (relied on
by the government in its Rule 28(j) letter and following the "uniform rule" of "all other
circuits to have examined the issue" and adopting "ordinary case" analysis for § 16(b));
*United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2012) (citing *James* as the
source of the "ordinary case" analysis required by § 16(b)); *Van Don Nguyen v. Holder*,
571 F.3d 524, 530 (6th Cir. 2009)
(considering § 16(b) and concluding that "[t]he proper inquiry is one that contemplates
the risk associated with the proscribed conduct in the mainstream of prosecutions brought
under the statute."); *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1213 (10th Cir.
2007) (same).

> ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States*, S. Ct. No. 13-7120, Supplemental Brief of Respondent United States at 22-23 (available at 2015 WL 1284964 at *22-*23). The Solicitor General was right. Section 924(c)(3)(B) and the ACCA are essentially the same and contain the same flaws.

Section 924(c)(3)(B), like the ACCA residual clause, thus requires the "ordinary case" analysis to assess the risk involved in a predicate offense, and how risky that ordinary case is. *Avila*, 770 F.3d at 1107; *Ayala*, 601 F.3d at 267; *Van Don Nguyen*, 571 F.3d at 530; *Sanchez-Garcia*, 501 F.3d at 1213. Since this is the identical analytical step that brought down the ACCA residual clause, § 924(c)(3)(B) cannot survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*. As a consequence, the residual clause cannot be used to support a conviction under § 924(c).

### C. SEVERAL APPELLATE COURTS HAVE AUTHORIZED SECOND OR SUCCESSIVE § 2255 MOTION BASED ON *JOHNSON* IN § 924(c) CASES

The similarities between § 924(c) and § 924(e) have caused several appellate courts to authorize petitioners to file second or successive § 2255 motions based on *Johnson*. *See Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (rejecting the argument "that § 924(c)(3)(B) differs enough from [§ 924(e)(2)(B)(ii)]'s residual clause that it was not invalidated by Johnson"); *In re Pinder*, No. 16-12084 (11th Cir. June 1, 2016). Further, the Seventh and Ninth Circuits have held that the identically worded language in 18 U.S.C. § 16(b) is unconstitutionally vague. *See*

*United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

## IV. <u>TIMELINESS</u>

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015, and Melaku filed his claim within one year of that date.

## V. <u>CONCLUSION</u>

For the reasons set forth above, Melaku respectfully requests this Court vacate his conviction and sentence on Count Two of the Information.

Respectfully submitted,

/s/_____
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com


/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Yonathan Melaku*