| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim No. 1:12-cr-00027-GBL-1 |
| | ) | Civil No. 1:16-cv-00698-GBL |
| YONATHAN MELAKU, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL BRIEF

Yonathan Melaku ("Melaku"), by and through the undersigned counsel, respectfully submits this Supplemental Brief and Motion to Stay Melaku's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Melaku offers the following:

## I. INTRODUCTION

On January 26, 2012, Melaku waived indictment and pled guilty to a three-count Information charging Melaku with: Count One–Injury to Government Property by Shooting with a Firearm, in violation of 18 U.S.C. § 1361; Count Two–Use of a Firearm During a Crime of Violence, in violation 18 U.S.C. § 924(c); and Count Three–Attempted Injury to a Veterans' Memorial on Government Property, in violation of 18 U.S.C. § 1369. On January 11, 2013, Melaku was sentenced to 120 months on Counts One and Two and 60 months on Count Three, all to be served consecutively for a total of 300 months imprisonment.

On July 21, 2016, Melaku submitted his Motion Under 28 U.S.C. § 2255, challenging his conviction on Count Two of the Information in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). (Docket Entry "DE" 75). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. *Id.*

In his § 2255 motion, Melaku argued that the underlying "crime of violence" for his § 924(c) conviction on Count Two, a violation of 18 U.S.C. § 1361, falls under the "residual clause" of 18 U.S.C. § 924(c)(3)(B). Melaku further argued that the holding in *Johnson* should be extended to similarly worded "residual clause" of 18 U.S.C. § 924(c)(3)(B). If the residual clause of § 924(c)(3)(B) is void for vagueness, then it would follow that Melaku's conviction and sentence on Count Two of the Information is unconstitutional and should be vacated.

On September 23, 2016, this Court entered an Order staying this case "until there is further guidance from the Fourth Circuit Court of Appeals or the United States Supreme Court." (DE 80). On August 9, 2017, the Court entered an Order lifting the stay, finding Melaku's "§ 2255 motion [] ripe for disposition because the issues presented in the § 2255 Motion—namely, how *Johnson* applies to Petitioner's § 924(c) conviction—have been resolved for purposes of this case." (DE 82) (alterations added). Further, the Court granted both parties leave to file supplemental briefs.

## II. ARGUMENT

1. <u>**The Fourth Circuit Has Yet To Decide Whether *Johnson* Applies To 18 U.S.C. § 924(c)(3)(B)**</u>

Whether the holding in *Johnson* applies to the residual clause of 18 U.S.C. § 924(c)(3)(B) is an issue the Fourth Circuit has expressly avoided. No recent cases from the Fourth Circuit provide any meaningful guidance on this issue. In the few cases where the Fourth Circuit has addressed *Johnson's* applicability to § 924(c), the court has declined to reach a decision.

In *United States v. Naighton*, the appellate court was asked to decide whether *Johnson's* holding also applies to the similarly worded residual clause of § 924(c)(3)(B). *United States v. Naighton*, 621 Fed. Appx. 170 (4th Cir. 2015). The court declined to decide the issue, instead finding that:

> [W]e need not examine whether the holding in *Johnson* impacts the constitutionality of the residual clause here, because we invalidate application of that clause on the separate basis that a perpetrator's possible conduct under the elements of sex trafficking includes several different ways the crime could be committed in a non-violent manner.

*Id.* at 179.

More recently, in *United States v. Hare*, 820 F.3d 93 (4th Cir. 2016) the Fourth Circuit once again avoided the underlying question. Rather, the court found it did not need decide *Johnson's* applicability to § 924(c) because the defendants' § 924(c) convictions had been based on both crimes of violence and drug trafficking crimes. *Id.* at 105-06.

Turning to the district courts of this circuit, those that have recently denied 2255 motions challenging the constitutionality of § 924(c)(3)(B) post-*Johnson* have done so because the underlying crime of violence categorically qualifies under the "force clause" of § 924(c)(3)(A). *See United States v. Turner*, 2017 WL 3394729 *4 (E.D. Va. Aug. 8, 2017) (finding that Hobbs Act robbery under 18 U.S.C. § 1951 is categorically a crime of violence under § 924(c)(3)(A) which "is enough to resolve the matter" without determining whether *Johnson* applies to § 924(c)(3)(B)); *see also United States v. Taylor*, 2017 WL 3381369 (W.D. Va. Aug. 4, 2017).

**2.      The Court Should Stay This Case Pending A Decision From The Supreme Court In *Sessions v. Dimaya***

With no definitive guidance from the Fourth Circuit or the district courts, Melaku respectfully moves for a stay pending the Supreme Court's decision in *Sessions v. Dimaya*, 137 S.Ct. 31 (2016). At issue in *Dimaya* is whether *Johnson* applies to the "residual clause" of 18 U.S.C. § 16(b), which is identical to § 924(c)(3)(B). If the Supreme Court holds that § 16(b) is unconstitutionally vague in the wake of *Johnson*, then it would follow that § 924(c)(3)(B) shares the same fate.

The Fourth Circuit has held at least one similar case in abeyance pending the Supreme Court's decision. *United States v. Hassan Sharif Ali* (4th Cir. 15-4433). In addition, the District Court for the Middle District of North Carolina has followed the Fourth Circuit's lead in *Thurlow v. United States*, 2016 WL 6988847 (M.D.N.C. Nov. 29, 2016).

4

The issue of whether *Johnson* invalidates the residual clause of § 924(c)(3)(B) has yet to be decided by the Fourth Circuit, and likely will not be until the Supreme Court issues its opinion in *Dimaya*. Therefore, Melaku respectfully moves this Honorable Court to issue an Order further staying this case until *Dimaya* is decided.

### III. CONCLUSION

Based on the foregoing, the Court should further stay this case pending a decision in *Sessions v. Dimaya*, 137 S.Ct. 31 (2016).

Respectfully submitted,

/s/_____
Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd.
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Melaku*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly filed and served upon counsel of record, via the Court's CM/ECF system, this 28th day of August, 2017.

/s/_____
Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd.
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com