UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cr-00027-GBL-1 |
| | ) |
| YONATHAN MELAKU | ) |
| | ) |
| Defendant/Movant. | ) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

Yonathan Melaku ("Melaku"), by and through the undersigned counsel,
respectfully submits this Supplemental Memorandum in Support of Motion to
Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support
thereof, Melaku offers the following:

**I. BACKGROUND**

On January 26, 2012, Melaku waived indictment and pled guilty to a three-
count Information charging Melaku with Injury to Government Property by
Shooting with a Firearm, in violation of 18 U.S.C. § 1361 (Count One); Use of a
Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count Two);
and Attempted Injury to a Veteran's Memorial on Government Property, in
violation of 18 U.S.C. § 1369 (Count Three). (Docket Entry "DE" 17).

On January 11, 2013, the Court sentenced Melaku to a term of 120 months
on Counts One and Two, and a term of 60 months on Count Three, all to run
consecutively, for a total sentence of 300 months imprisonment. (DE 64).

On June 21, 2016, Melaku filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (DE 75). Melaku argued that the Supreme Court's decision in *Johnson v. United State,* 135 S.Ct. 2557 (2015) rendered the "residual clause" of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague and, therefore, Melaku's sentence on Count Tow of the Information was unconstitutional. (DE 76). Melaku further argued that his motion was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one-year of the Court's June 26, 2015 decision in *Johnson.* (DE 76 at 12).

The Government filed its Motion to Dismiss on September 21, 2016. (DE 79). The Government argued that *Johnson* did not announce a new rule related to 18 U.S.C. § 924(c), thus, Melaku's motion did not satisfy the timeliness requirements of 28 U.S.C. § 2255(f)(3). Two days later, on September 23, 2016, the Court entered an order staying the § 2255 proceedings "until there is further guidance from the Fourth Circuit Court of Appeals or the United States Supreme Court." (DE 80).

On August 9, 2017, the Court lifted its stay and ordered supplemental briefing. (DE 82). Melaku submitted his supplemental brief on August 28, 2017, and renewed the motion to stay pending a decision from the Supreme Court in *Sessions v. Dimaya,* 137 S.Ct. 31 (2016). (DE 83). The Government filed its supplemental response on August 30, 2017, and again renewed its challenge to the timeliness of Melaku's motion. (DE 84).

On September 12, 2017, the Court issued a Memorandum Opinion and Order denying Melaku's § 2255 motion as untimely. (DE 86). Melaku filed a timely notice

of appeal on October 16, 2017, and sought a certificate of appealability from the Fourth Circuit Court of Appeals. (DE 87). On March 31, 2020, the Fourth Circuit issued its unpublished opinion granting Melaku a certificate of appealability on whether an offense under 18 U.S.C. § 1361 categorically qualifies as a crime of violence for 18 U.S.C. § 924(c), and remanded to this Court to address the issue in the first instance. (DE 93). Thereafter, the Court issued an order directing the parties to submit supplemental briefs. (DE 97).

## II. SUPPLEMENTAL ARGUMENT

**a.      An Offense Under 18 U.S.C. § 1361 Fails To Categorically Qualify As A Crime Of Violence Under 18 U.S.C. § 924(c)**

To determine whether a predicate offense qualifies as a "crime of violence," the courts use the categorical approach. *See Descamps v. United States*, 133 S.Ct. 2276 (2013); *United States v. Royal*, 731 F.3d 333, 341–42 (4th Cir. 2014). This approach requires the courts "look only to the statutory definitions–i.e., the elements–of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S.Ct. at 2283 (citations omitted); *Royal*, 731 F.3d at 341–42. In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute–"including the most innocent conduct"–matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

For an offense under § 1361 to qualify as a "crime of violence" under 18

U.S.C. § 924(c)(3)'s force clause, it must have "an element the use, attempted use, or

threatened use of physical force against the person or property of another." 18

U.S.C. § 924(c)(3)(A). The statute for § 1361 provides, in pertinent part:

> Whoever willfully injures or commits any depredation against any property of
> the United States, or of any department or agency thereof, or any property
> which has been or is being manufactured or constructed for the United
> States, or any department or agency thereof, or attempts to commit any of
> the foregoing offenses, shall be punished [in accords with the remainder of
> the statute]

18 U.S.C. § 1361.

Missing from the plain text of the statute is "an element the use, attempted

use, or threatened use of physical force." Thus, an offense under § 1361 fails to

categorically qualify as a "crime of violence" under 18 U.S.C. § 924(c). To be sure,

the statute covers conduct that clearly does not qualify as a "crime of violence"

under § 924(c)(3)(A). *See, e.g.*, *United States v. Komisaruk*, 885 F.2d 490, 496 (9th

Cir. 1972) (vandalizing government property); *United States v. Simpson*, 460 F.2d

515, 516–17 (1972) (same). Vandalism does not require the use of physical force. As

defined by Black's Law Dictionary, "vandalism" is the "willful or ignorant

destruction of public or private property, esp. of artistic, architectural or literary

treasures." *Vandalism*, Black's Law Dictionary (11th ed. 2000). And, of course, the

concept of vandalism is often associated with "tagging" or spray-painting property.

Such an act would not require the use of any force, but could still satisfy the

elements under § 1361 to sustain a conviction. *See United States v. Carlson*, 2011

WL 13141452, at *1 (D. Idaho Sept. 15, 2011) (three defendants charged with 18

U.S.C. § 1361 for spray painting the rock face at the Red Elk Rock Shelter on land belonging to the United States).

Another non-violent means of violating the statute in question would be digging on government land. In *United States v. Jones*, the defendants were caught digging in Indian ruins located on federal government land and charged with a violation of 18 U.S.C. § 1361. *United States v. Jones*, 607 F.2d 269, 270–71 (9th Cir. 1979). There, the indictment alleged, "by means of a pick and shovel, injured the Indian ruins located in the Brooklyn Basin of the Cave Creek Range District of the Tonto National Forest, causing damage to the property in excess of $100, in violation of 18 U.S.C. ss 1361 and 2." *Id*.

An offense under 18 U.S.C. § 1361 does not require the use, threatened use, or attempted use of violence. Accordingly, § 1361 does not qualify as a predicate offense for a conviction under 18 U.S.C. § 924(c), and Melaku's conviction on Count Two must be vacated.

**b.   Melaku's Conviction on Count Two Should Be Vacated And Melaku Should Be Sentenced *De Novo***

Because § 1361 cannot support Melaku's conviction on Count Two, the Court should grant Melaku's § 2255 motion, vacate Melaku's conviction on Count Two, and re-sentence Melaku on Count One and Three *de novo*. The Fourth Circuit has consistently held, "Pursuant to [the sentencing package] doctrine, when a court of appeals 'vacate[s] a sentence and remand[s] for re-sentencing, the sentence becomes void in its entirety and the district court is free to revisit any ruling it made at the initial sentencing." *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017).

### III. CONCLUSION

Based on the foregoing, the Court should grant Melaku's 28 U.S.C. § 2255 motion, vacate his conviction on Count Two, and re-sentence Melaku on Counts One and Three of the Information.

Respectfully submitted,

_____/s/_____
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com

*Local Counsel for Melaku*

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Melaku*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was duly filed and served on all counsel of record via the Court's CM/ECF system this 23rd day of September 2020.

_____/s/_____
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com