IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:12-cr-27 (RDA) |
| YONATHAN MELAKU, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT FOLLOWING REMAND**

On January 26, 2012, defendant Yonathan Melaku waived indictment and pleaded guilty

to a three-count criminal information, charging him with willful injury to property of the United

States, in violation of 18 U.S.C. § 1361 (Count 1); discharging a firearm during and in relation to

a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2); and attempted injury to a

veterans' memorial on United States property, in violation of 18 U.S.C. § 1369 (Count 3). *See*

ECF Nos. 17, 18. The criminal information charged as the predicate offense for Count 2 the

willful injury to property charged in Count 1. *See* ECF No. 17.

Before pleading guilty, defendant signed a plea agreement and a statement of facts

admitting his conduct. *See* ECF No. 19, 20. In that plea agreement, defendant agreed to waive

indictment and plead guilty to the three counts in the criminal information. *See* ECF No. 19, at

1–2. The agreement also contained a binding sentencing provision pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(C), in which the parties agreed that "the appropriate sentence in this

case is a total term of imprisonment of twenty-five (25) years on all three counts to which he is

pleading guilty, a total term of supervised release of five (5) years on all three counts, and a

special assessment of $300." ECF No. 19, at 3–4.[1] After defendant's Rule 11 colloquy and guilty plea, Judge Gerald Lee accepted the plea agreement on January 26, 2012. *See* ECF No. 18. In accordance with the sentencing agreement, Judge Lee sentenced defendant to a 25-year term of imprisonment, broken down by count as follows: the statutory maximum of ten years on Count 1, the mandatory minimum sentence of ten years on Count 2, and five years on Count 3 (which carries a statutory maximum of ten years). *See* ECF No. 68. Judge Lee also sentenced defendant to the statutory maximums of three-year terms of supervised release on Counts 1 and 3 and a five-year term of supervised release on Count 2, all to run concurrently. *See* ECF No. 68.

Following judicial decisions changing what qualifies as predicate offenses for crimes of violence under § 924(c), defendant moved under 28 U.S.C. § 2255 to vacate his conviction in Count 2. On appeal, the Fourth Circuit concluded that the predicate offense here—willful injury to property under § 1361—did not qualify as a crime of violence. *See United States v. Melaku*, 41 F.4th 386 (4th Cir. 2022). The Fourth Circuit therefore remanded the case with instructions to vacate defendant's conviction on Count 2 and to resentence defendant on the remaining two counts. *See id.* at 395.

Because the Fourth Circuit has remanded for a resentencing, a new sentencing hearing is required, at which defendant must be present. *See, e.g.*, *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (noting that a defendant must be present for a resentencing on § 2255 relief under Federal Rule of Criminal Procedure 43). The government understands that defendant is currently housed at FMC Rochester and that it will take a minimum of 30 days (and sometimes considerably longer) for the Bureau of Prisons and the U.S. Marshals Service to transport

---

[1] Rule 11(c)(1)(C) permits the parties to agree that "a specific sentence or sentencing range is the appropriate disposition of the case" and that "such a recommendation binds the court once the court accepts the plea agreement."

defendant back to this district for a resentencing. In addition, defense counsel understands from conversations with the defendant's family that transporting the defendant now may adversely affect medical treatment he is currently receiving at FMC Rochester. As a result, defense counsel requests that the Court schedule the sentencing hearing for mid- to late January 2022.  The government has no objection to this request. In addition, the parties request that the Court direct the U.S. Probation Office to prepare an updated Presentence Investigation Report for the sentencing hearing.

As to the merits of the resentencing, the government's preliminary position is that defendant should be sentenced to a twenty-year term of imprisonment and five-year term of supervised release. In the government's view, the parties' binding sentencing provision under Rule 11(c)(1)(C) in the plea agreement remains in force. Although a sentence of 25 years is no longer possible because of the statutory maximums on the remaining two counts, the Court can give effect to the parties' bargain as far as possible by imposing the statutory maximum sentences of ten years on Counts 1 and 3, to be run consecutively. Similarly, the Court can reach the agreed-upon five-year term of supervised release by imposing the statutory maximum term of three years on one count and two years on the other count, to be run consecutively. Because defendant has succeeded in vacating Count 2, his special assessment should also be reduced from $300 to $200.

Defense counsel has not yet had an opportunity to confer with defendant as to his position on sentencing and, accordingly, does not yet have a recommendation for the Court. However, the defendant's preliminary position is that the defendant is entitled to plenary resentencing following vacatur of his conviction on Count Two. Consistent with the Supreme

3

Court's holding in *Pepper v. United States*, 562 U.S. 476 (2011), defendant requests the

opportunity to offer evidence of post-sentencing rehabilitation efforts that weigh on the factors

enumerated under 18 U.S.C. § 3553(a) prior to resentencing.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:        _____/s/_____
James L. Trump
Assistant United States Attorney
Eastern District of Virginia
Counsel for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel.: (703) 299-3700
Fax:  (703) 299-3981
jim.trump@usdoj.gov


_____/s/_____
Jeremy Gordon
Counsel for the Defendant
P.O. Box 2275
Mansfield, Texas 76063
Tel.: (972) 483-4865 Ext. 101
Fax: (972) 584-9230
Jeremy@gordondefense.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of October, 2022, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification of such filing

(NEF) to all counsel of record.

               /s/
              James L. Trump
              Assistant United States Attorney

5