United States District Court
Eastern District of Virginia
Alexandria Division

| | |
|---|---|
| United States of America, **Plaintiff,** v. Yonathan Melaku, **Defendant.** | Case No. 1:12-cr-00027 (RDA) |

**Defendant's Sentencing Position**

Defendant Yonathan Melaku ("Melaku"), by and through the undersigned counsel, respectfully submits this sentencing position in support of his request for a sentence of 180 months, followed by three years of supervised release. The proposed requested sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing.[1]

### I. Procedural History

**1.      Melaku's Guilty Plea and Sentence**

On January 26, 2012, Melaku waived indictment and pled guilty to a three-count Information which charged Melaku as follows: Count One–Injury to Government Property by Shooting with a Firearm, in violation 18 U.S.C. § 1361; Count Two–Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §

---

[1] 18 U.S.C. § 3553(a)(2).

924(c); and Count Three–Attempted Injury to a Veteran's Memorial on Government Property, in violation of 18 U.S.C. § 1369. (Doc. 17). Melaku pled guilty pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Doc. 19). Pursuant to the 11(c)(1)(C) agreement, the parties stipulated to the following sentence:

> The United States and the defendant agree that the appropriate sentence in this case is a total term of imprisonment of twenty-five (25) years on all three counts to which he is pleading guilty, a total term of supervised release of five (5) years on all three counts; and a special assessment of $300. Consistent with Rule 11(c)(1)(C), the Court may accept or reject the plea agreement. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw this guilty plea.

Doc. 19 at 3–4.

On January 11, 2013, consistent with the 11(c)(1)(C) plea agreement, Melaku was sentenced to a term of 120 month on Counts One and Two, and 60 months on Count Three, all to run consecutively for a total sentence of 300 months imprisonment. (Doc. 64, 68). The Court further ordered Melaku to serve three years of supervised release on Count One, five years on Count Two, and three years on Count Three, to run concurrently for a total of five years. (Doc. 68). Melaku did not appeal.

2. **28 U.S.C. § 2255 Proceedings**

On June 21, 2016, Melaku filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 75; *see also Melaku v. United States*, No. 1:16-cv-00698 (E.D. Va.)). In his § 2255 motion, Melaku argued that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2557 (2015) rendered the

"residual clause" of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague and invalidated Melaku's sentence on Count Two of the Information. *Id*. Melaku's § 2255 motion was dismissed as untimely on September 12, 2017. (Doc. 86). Melaku timely filed a notice of appeal to the Fourth Circuit on October 16, 2017. (Doc. 87).

On March 31, 2020, the Fourth Circuit granted Melaku a certificate of appealability on the issue of whether 18 U.S.C. § 1361 categorically qualified as a crime of violence for § 924(c) purposes and remanded the case for this Court to consider Melaku's § 2255 motion on the merits. *United States v. Melaku*, 799 Fed. Appx. 203 (4th Cir. 2020). Following supplemental briefing by the parties, Melaku's § 2255 motion was denied on the merits. (Doc. 102). Melaku again appealed to the Fourth Circuit. (Doc. 103). On September 24, 2021, the Fourth Circuit granted Melaku a certificate of appealability. On July 27, 2022, the Fourth Circuit held in the first instance that § 1361 is not a crime of violence for § 924(c) purposes, reversed the denial of Melaku's § 2255 motion, and remanded the case to this Court to vacate Melaku's conviction on Count Two and resentence Melaku on the remaining two charges. *United States v. Melaku*, 41 F.4th 386 (4th Cir. 2022).

Melaku's resentencing on Counts One and Three of the Information is currently set for February 22, 2023.

## II. Statutory Penalties

1. **Count One**

Count One of the Information charges Melaku with injury to property of the United States by shooting with a firearm and causing damage in excess of $1,000, in

violation of 18 U.S.C. § 1361. The maximum penalties for this offense are a maximum term of ten (10) years of imprisonment, a fine of $250,0000, full restitution, a special assessment, and three (3) years of supervised release.

### 2. Count Three

Count Three of the Information charges Melaku with attempted injury to veterans' memorials on property of the United States, in violation of 18 U.S.C. § 1369. The maximum penalties for this offense are a maximum term of (10) years of imprisonment, a fine of $250,000, full restitution, a special assessment, and three (3) years of supervised release.

### III. Guidelines Provisions

Utilizing the 2021 U.S. Sentencing Guidelines Manual, the Presentence Investigation Report ("PSR") has determined the applicable advisory Guidelines range for Counts One and Three to be 33 to 41 months imprisonment. (Doc. 119 ¶ 78). The PSR has calculated Melaku's Offense Level as follows:

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2B1.5(a)) | 8 |
| Loss of $111,215.98 (U.S.S.G. § 2B1.1(b)(1)(E)) | +8 |
| Offense Involving National Historic Landmark and National Cemetery (§ 2B1.5(b)(2)) | +2 |
| Offense Involving Funerary Object (§ 2B1.5(b)(3)) | +2 |
| Offense Involving Dangerous Weapon (§ 2B1.5(b)(6)) | +2 |
| **Adjusted Offense Level** | **22** |
| Acceptance of Responsibility (U.S.S.G. § 3E1.1) | -3 |
| **Total Offense Level** | **19** |

The PSR has also determined Melaku has three criminal history points based on two prior criminal convictions. *Id*. ¶ 41. A criminal history score of three establishes a Criminal History Category of II. *Id*. ¶ 42. Melaku's Total Offense Level of 19, combined with a Criminal History Category II, yields an advisory Guidelines range of 33 to 41 months imprisonment. Melaku does not object to the PSR's Guidelines calculations.

## IV. Position on Sentencing

As a threshold matter, the 11(c)(1)(C) plea agreement entered into by the parties cannot be binding on the Court in imposing its sentence. The 11(c)(1)(C) plea agreement stipulated to a sentence of 25 years, or 300 months, imprisonment "on all three counts to which [Melaku] is pleading guilty[.]" *Id*. at 3–4. The binding plea agreement did not specify a stipulated sentence as to any individual count. Thus, the effect of the 11(c)(1)(C) is a total sentence of 300 months imprisonment.

However, because Count Two has been vacated, Melaku's statutory maximum sentence is 240 months. The Court must reject the 11(c)(1)(C) plea agreement that stipulates to a term higher than the maximum allowed by law. Pursuant to Rule 11(c)(5), the Court must:

(A) inform the parties that the court rejects the plea agreement;

(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

> (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.[2]

Fed. R. Crim. P. 11(c)(5).

The undersigned does not believe Melaku intends to withdraw his guilty plea. Accordingly, the Court is free to sentence Melaku after consideration of the United States Sentencing Guidelines and sentencing factors enumerated under 18 U.S.C. § 3553(a) and without regard to the 11(c)(1)(C) stipulation.

Here, the § 3553(a) factors and Guidelines calculations weigh in favor of imposing a sentence of 180 months imprisonment followed by three years of supervised release. This would result in a term of 120 months imprisonment on Count One and 60 months imprisonment on Count Three. Additionally, the previously imposed terms of supervised release for Counts One and Three should remain unchanged, for a total of 3 years on both counts to be served concurrently. A sentence of 180 months followed by 3 years of supervised release is sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a).

---

[2] Although Rule 11 states that the case may be disposed of less favorably than the plea agreement contemplates, in this case it is impossible for Melaku to receive a less favorable sentence than the 300 months called for by the 11(c)(1)(C) agreement given the statutory maximums for both Counts One and Three.

## V. Conclusion

Based on the foregoing, Melaku respectfully prays the Court impose a sentence of 120 months on Count One and 60 months on Count Three, to run consecutively for an aggregate sentence of 180 months imprisonment. Melaku further requests a term of supervised release of three years on Counts One and Three to be served consecutively.

Respectfully submitted,

_____/s/_____
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com

*Local Counsel for Melaku*

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Melaku*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was duly filed and served on all counsel of record via the Court's CM/ECF system this 17th day of January 2023.

/s/
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE
2111 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com
