IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

YONATHAN MELAKU,

Defendant.

No. 1:12-cr-027 (RDA)

**RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION TO DETERMINE COMPETENCY**

The defendant, Yonathan Melaku, through counsel, has filed a motion for a competency evaluation prior to the defendant's resentencing (Dkt. 120). In his motion, the defendant represents that there is "reasonable cause" to believe that the defendant may "presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences" of his upcoming resentencing hearing. *See* 18 USC § 4241 (a).

The United States agrees that there is reasonable cause to have the defendant examined for competency. In addition to the information cited by the defendant in his motion, attached is a recent Mental Health Evaluation report prepared by the staff at FMC Rochester, the facility where the defendant is currently held (filed under seal). Although the report was prepared for purposes of a motion to be filed under 18 USC § 4245 (the provisions regarding the care and treatment of a prisoner suffering from a mental disease or defect), the report provides sufficient information about the defendant's current mental condition to support a finding that there is reasonable cause to order a psychiatric or psychological examination of the defendant followed by a hearing to determine his competency to be resentenced. In sum, it is the opinion of the BOP

staff psychologists that the defendant is presently suffering from a mental disease or defect requiring treatment in a suitable facility. The report states (at pages 16-17):

> Mr. Melaku is currently suffering from a severe mental disorder, specifically schizophrenia, which is causing significant deterioration in his functioning. Mr. Melaku has required placement in secured housing for the past year due to acute symptoms of psychosis, including auditory hallucinations, delusional beliefs, and disorganized behaviors, which have resulted in his impaired functioning and his engaging in repeated disruptive and aggressive behaviors toward others. In particular, during periods of noncompliance with treatment, when his mental status is deteriorated, he verbally abuses, is hostile, and acts aggressively towards others. Mr. Melaku has no insight into his mental illness or need for treatment. He does not recognize the presence of his psychotic symptoms and has a tendency to underreport his experience of symptoms. The nature of his thought disorder prevents Mr. Melaku from appreciating that mental illness is the cause of his symptoms and that mental health treatments, specifically treatment with psychiatric medication, is an effective means of treatment that has helped him in the past and improved his ability to reside in open housing and participate meaningfully in social interactions and programming. He does not recognize mental health treatment is a means to progress toward his current goals to reside in open population, participate in programming to support mental health recovery, and engage in release planning activities to support his readiness for transition to the community at the completion of his sentence.

The more difficult issue is where this examination should take place. According to BOP, FMC Rochester does not have forensic examiners qualified to conduct an examination under 18 USC § 4241(b). FMC Rochester would be able to accommodate an in-person visit by an outside psychiatrist or psychologist, although there is no guarantee that the defendant will come out of his cell and cooperate in conducting an examination.

Although the Court could order the defendant to be transported to Alexandria for purposes of an evaluation and hearing, there is considerable risk in doing so. As noted in the attached report, the defendant needs treatment in a suitable facility. An extended period of detention in ADC will most likely result in continued deterioration of his condition, and, similarly, there is no guarantee that he will cooperate in conducting an examination if he is brought here.

A third option would be to order BOP to transfer the defendant to a BOP facility suitable for conducting the psychiatric or psychological evaluation of the defendant as well as provide the defendant with treatment for his current condition.  This option may take several months before a hearing could be scheduled, as available beds at suitable BOP facilities (*e.g.*, FMC Butner) are limited.  Given the defendant's current condition, however, it appears to be the best option to have the defendant examined for competency and to allow the defendant to continue to receive treatment prior to a hearing under 18 USC §§ 4241(c) and 4247(d).

Finally, the government requests that the attached Mental Health Evaluation report be filed under seal.  A separate motion to seal and proposed order will be filed.

Wherefore, for the foregoing reasons, the government requests that the Court enter an order directing (1) that BOP transport the defendant to a facility capable of conducting a psychiatric or psychological examination to determine whether the defendant is competent to be sentenced, when space becomes available at such a facility, unless the examination can be conducted at FMC Rochester; (2) that BOP conduct a psychiatric or psychological examination of the defendant pursuant to 18 USC § 4247(b) to determine the defendant's competency to be resentenced; (3) that the examiner(s) prepare and file a report with the Court pursuant to 18 USC § 4247(c); and (4) that BOP provide the Court with the approximate dates when the examination and report will be completed.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:      _____/s/_____
James L. Trump
Assistant United States Attorney

3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2023, I caused the foregoing pleading to be sent electronically to counsel of record through the Court's ECF system.

_____/s/_____
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3726
jim.trump@usdoj.gov

4