IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YONATHAN MELAKU,<br><br>Defendant. | No. 1:12-cr-027 (RDA) |

**SUPPLEMNTAL POSITION
OF THE UNITED STATES ON RESENTENCING**

The United States hereby submits this supplemental position on sentencing as directed by the Court following the hearing on December 13, 2023.

The position of the United States on sentencing has not changed. We believe a sentence of 20 years is appropriate and satisfies three significant sentencing factors. First, a sentence of 20 years reflects the seriousness of the defendant's conduct. The several shooting incidents in 2011 were recklessly violent acts which easily could have injured or killed innocent persons. Second, a sentence of this magnitude will for several more years protect the public from any possible future crimes by the defendant. Third, a 20-year sentence will guarantee that the defendant will receive daily professional medical and mental health care in a controlled setting.

The government also recommends that a condition of release should include a comprehensive release plan approved by the Court. The Probation Office will need time to coordinate with the Bureau of Prisons, the defendant's family, and local mental health professionals and/or facilities with regard to the defendant's post-release supervision, and we suggest that the Court conduct a hearing at least 60 days prior to the defendant's release from BOP custody to review and approve any proposed release plan.

At the December 13 hearing, the Court asked the parties to address the Court's suggestion that it defer sentencing until late 2025 to give the Court the opportunity to evaluate over a lengthy period the defendant's mental health and his compliance with his prescribed course of medication and therapy while in BOP custody.

Delaying sentencing until 2025 would address some of the concerns we expressed about the defendant's mental health treatment, particularly the defendant's ability to continue his prescribed course of drug therapy without interruption.  The judgement of the Fourth Circuit was entered on July 25, 2022, and its mandate was issued on September 16, 2022.  The initial delay of about 17 months was reasonably caused by the need to conduct a competency evaluation and a request by the defendant for a subsequent examination by his own psychiatrist.  We believe, however, that an additional delay of about 18 months, as suggested by the Court, would fail to carry out the judgment of the Fourth Circuit and its "instruction" that the district court vacate the defendant's conviction under 18 USC 924(c) and sentence him on the remaining two counts.

It is well-settled that, in a case such as this, in which a defendant was initially sentenced on multiple counts, upon remand from the court of appeals vacating one count, the district court operates from a clean slate, and it may impose any sentence on the remaining counts up to the statutory maximum, provided that the new aggregate sentence is no greater than the aggregate sentence initially imposed.  *See United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016) (a full resentencing authorizes district court to unbundle a sentencing package); *United States v. Fowler*, 749 F.3d 1010, 1016 (11th Cir. 2014) ("On direct appeal, we have routinely, without hesitation and as a matter of course, vacated entire sentences and remanded for resentencing on all surviving counts after vacating a conviction or sentence on some, but not all, of the counts."); *United States v. Williams*, 481 Fed.Appx. 851 (4th Cir. 2012) ("We nonetheless conclude that

because this court's mandate remanding the matter to the district court for resentencing was unrestricted, the district court was well-within its rights to conduct a de novo proceeding on remand."); *United States v. Bell*, 5 F.3d 64, 67 (4th Cir.1993) ("[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo[.]"); *Greenlaw v. United States*, 554 U.S. 237, 254 (2008).

It is equally settled that "when [the Fourth Circuit] remands for further proceedings, a district court must, except in rare circumstances, implement both the letter and spirit of the . . . mandate, taking into account [the Fourth Circuit's] opinion and the circumstances it embraces." *Bell* at 66 (internal quotation marks omitted)); *cf. United States v. Genao-Sanchez*, 525 F.3d 67, 70 (1st Cir. 2008) (holding, where the court of appeals had vacated two of the defendant's convictions and remanded for resentencing, that the district court erred in leaving intact the sentence on the remaining count of conviction instead of conducting a resentencing).

A party aggrieved by a district court's refusal to execute the mandate of an appellate court may seek a remedy by a mandamus petition. *See*, *e.g.*, *Vendo Co. v. Lektro-Vend Corp.*, 434 U.S. 425, 427-28 (1978) (citing *United States v. Fossatt*, 62 U.S. 445, 446 (1858)); *A.D. Howe Mach. Co. v. Dayton*, 210 F. 801, 803 (4th Cir. 1913). But here, even if neither the government nor the defendant were to seek mandamus, delaying the sentencing hearing another 18 months would nevertheless violate the spirit of the Fourth Circuit mandate. The defendant has been in federal custody since November 2011. He has served the equivalent of a 15-year prison sentence, based on an estimate of his statutory good conduct time credits.[1] He is

---

[1] This is only an estimate based on 18 USC § 3624(b), which provides good conduct time credit for inmates whose offenses were committed on or after November 1, 1987. Eligible inmates serving sentences greater than one year, but less than life, may receive up to 54 days sentence credit for each year of the inmate's sentence imposed by the court. Inmates sanctioned for violating prison disciplinary rules may lose all or part of these credits. In addition,

continuing to serve a sentence on Count 2, a conviction the Fourth Circuit has held to be invalid. In other words, a further delay in taking the action directed by the Fourth Circuit by vacating the § 924(c) conviction (for which the defendant received a ten-year sentence) and resentencing the defendant on the remaining two counts deprives the defendant of the relief he is entitled to under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) ("[T]he end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence."). Further delay also strips the defendant of the opportunity to advocate for a 15-year sentence, or any sentence less than approximately 18 years.[2]

The Court also directed the parties to confer regarding the Court's suggested course of action and BOP's concerns as well. Government counsel has communicated with defense counsel by email, but we have not reached an agreement as to a specific sentence or the resolution suggested by the Court. Government counsel has exchanged several emails with BOP counsel at FMC Rochester. The basis for BOP's concerns is BOP's potential liability should

---

pursuant to 18 USC § 3624, most inmates nearing release from a federal institution will be housed at a residential re-entry center for transitional services during the final portion of their sentence or, in some instances, home confinement. This estimate does not consider any time spent in community or home confinement or additional sentence credit under the First Step Act, which could be as much as 365 additional days.

[2] An 18-year sentence would result in a release date of roughly late 2025, without considering early release to community or home confinement. Again, this is only an estimate.

something happen to the defendant while in BOP custody if it was determined that the defendant was serving an illegal sentence.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
James L. Trump
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2024, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

/s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3726
jim.trump@usdoj.gov
