UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cr-00027-RDA-1 |
| | ) | |
| YONATHAN MELAKU, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

<u>DEFENDANT'S SENTENCING MEMORANDUM SUPPLEMENT</u>

Yonathan Melaku, by and through the below counsel, submits this supplemental position on sentencing as directed by the court in the December 13, 2023 hearing.

**I. Argument**

A. <u>The court can delay sentencing to monitor Melaku's compliance with his medication.</u>

At the end of the sentencing hearing on December 13, 2023, the court indicated a willingness to postpone sentencing to monitor Melaku's compliance with medication and to determine if a sufficient release plan could be ascertained to ensure Melaku's success. This was in line with the government's sentencing position as filed on December 8, 2023.

After the court indicated that the case would reconvene in 2025, the United States objected. Docket Entry ("DE") 154. The government's position now is that such

a delay would be inappropriate for several reasons. Among them is the position that such a delay would violate the spirit of the mandate. DE 154 at 3.

The law on how long of a delay would violate the spirit of the mandate is scant. The undersigned was unable to find any case law that indicates how long of a delay would cause a violation of the spirit of the mandate. But there is evidence that a delay from this point is not *per se* unreasonable.

The government has indicated that they were willing to engage in a delay so that the court can monitor the compliance of Melaku on his medication. DE 150 at 18-19. Thus, some amount of time is in fact reasonable. Perhaps the government could indicate how much time they believed to be appropriate when preparing their previous sentencing memorandum. And the Government could dismiss Count 2 of the indictment, which would eliminate the government's concern to Melaku serving a sentence on count 2, a conviction that the Fourth Circuit has held to be invalid. *See* DE 154 at 3-4.

Failing that, Melaku asks the court to sentence him to time served or as little time as possible given the testimony at his last sentencing between Dr. Blumberg and Melaku's mother. As previously indicated, a statutory maximum sentence could cause Melaku to lose hope. A sentence of time served with conditions of supervised release consistent with Dr. Blumberg's release plan would place the burden on Melaku and his family to get the help that he needs.

Respectfully submitted,

/S/ Joshua Erlich
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd, Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: Jerlich@erlichlawoffice.com

*Local Counsel for Melaku*

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel pro hac vice for Melaku*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly filed and served upon all counsel of record via the Court's CM/ECF system this 13th day of January 2024.

/s/ Joshua Erlich